﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190423-11835
DATE: May 29, 2020

ORDER

Entitlement to service connection for hypertension is granted.

FINDING OF FACT

Resolving all doubt in his favor, the Board finds that the Veteran’s hypertension disability is at least as likely as not related to his active military service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for hypertension have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from December 1971 to August 1973.

The Veteran selected the Higher-Level Review lane when he submitted the Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board of Veterans’ Appeals (Board) and requested the Evidence Submission docket. 

In an August 2018 decision, the Agency of Original Jurisdiction (AOJ) found that new and relevant evidence was submitted to warrant readjudicating the claim for service connection for hypertension. The Board is bound by this favorable finding.

Entitlement to service connection for hypertension

The Veteran contends that he is entitled to service connection for hypertension.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence on any issue material to the claim. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102. When the evidence supports the claim or is in relative equipoise, the claim will be granted. Gilbert v. Derwinski, 1 Vet. App. 49, 54-55 (1990). If the preponderance of the evidence weighs against the claim, it must be denied. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

In this case, private treatment records indicate that the Veteran has a current diagnosis of hypertension. A current disability has therefore been demonstrated. Additionally, the Veteran’s service treatment records indicate that the Veteran had high blood pressure in service. Accordingly, an in-service injury has been shown.

As the record contains evidence of a current disability, and evidence of an in-service injury or disease, what remains to be established is whether there is a nexus between the diagnosed hypertension and his in-service disease or injury.

There is conflicting evidence of record as to whether the Veteran’s current hypertension is related to his active military service. The Veteran had an examination for his hypertension in January 2012. The examiner opined that the Veteran’s hypertension was less likely than not related to his active service. It was noted that the Veteran was not diagnosed with hypertension in service, and that it is unclear when the Veteran was diagnosed. The examiner further noted that while the Veteran had an isolated reading of high blood pressure in service, he did not meet the criteria for hypertension or receive treatment for hypertension in service. 

In a June 2017 letter, the Veteran’s private physician, Dr. B.K., stated that the Veteran was diagnosed with hypertension in May 1973. In February 2018 Dr. B.K. treated the Veteran and completed a hypertension Disability Benefits Questionnaire (DBQ). Dr. B.K. opined that it was more likely than not that the Veteran’s hypertension began during his active duty service.

In an April 2019 letter, Dr. R.C., a treating physician, opined that the Veteran may have had high blood pressure while he was in the military, and that the Veteran is currently on medication to control his hypertension. Additionally, the Board notes that the Veteran has consistently stated that he has been taking high blood pressure medication since his active duty service. 

The Board finds that the Veteran’s current hypertension disability is related to his active military service. Pursuant to the “benefit-of-the-doubt” rule, where there is “an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter,” the Veteran shall prevail upon the issue. 38 U.S.C. § 5107. Here, the Board finds that the aforementioned evidence is sufficient to place the relevant evidence, at a minimum, in a state of equipoise as to whether the Veteran’s current hypertension is related to his active military service.

(Continued on the next page)

 

Accordingly, the Board finds that service connection for hypertension is warranted. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

Scott Shoreman

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board David M. Sebstead, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.